# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-907V
UNPUBLISHED

| | |
|---|---|
| BETH NEMECHEK,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 5, 2017, Beth Nemechek filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain Barre Syndrome caused by an influenza ("flu") vaccine administered on November 11, 2015. Petition at 2. Petitioner further alleges that the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has not been an award or settlement from any civil action related to her injury. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 29, 2018, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 27, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $244,064.21

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(comprised of $75,000.00 for actual and projected pain and suffering at net present value; $1,862.21 for past unreimbursed expenses; and $167,202.00 for loss of earnings. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $244,064.21 (comprised of $75,000.00 for actual and projected pain and suffering at net present value; $1,862.21 for past unreimbursed expenses; and $167,202.00 for loss of earnings) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BETH NEMECHEK,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | No. 17-907V<br>Chief Special Master Brian H. Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 29, 2018, the Court entered its "Ruling on Entitlement," finding petitioner entitled to compensation, consistent with the recommendation in respondent's March 29, 2018 Rule 4(c) Report. Respondent now proffers that petitioner be awarded a lump sum of $244,064.21 for all damages available pursuant to 42 U.S.C. § 300aa-15(a). Of this total amount, $75,000.00 represents an award for actual and projected pain and suffering at net present value; $1,862.21 represents an award for past unreimbursed expenses; and $167,202.00 represents an award for loss of earnings. Petitioner is a competent adult. Accordingly, guardianship documentation is not required.

Petitioner agrees with the proffered award of $244,064.21.[1]

                  Respectfully submitted,

                  BRIAN M. BOYNTON
                  Acting Assistant Attorney General

---

[1] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

1

2

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Acting Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                s/ RYAN D. PYLES
                RYAN D. PYLES
                Senior Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, DC 20044-0146
                Tel: (202) 616-9847

Dated: January 27, 2021